### CAMERON et al. v. WHITE et al.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

**1. APPEALABLE ORDER.**

Defendant is entitled to appeal from an order made in resettlement of a prior order of discontinuance of the action.

**2. APPEAL—QUESTION FOR REVIEW.**

An order made in resettlement of a prior order of discontinuance of an action is not reviewable on appeal where the papers on which it was granted are not printed in the appeal book.

**3. SAME—RECORD.**

An affidavit printed at the end of an appeal book, which does not purport to have been verified until the day after the order appealed from was entered, is not properly a part of the record, and cannot be considered by the appellate court.

Appeal from Special Term, Kings County.

Action by Alexander Cameron and another against Josiah J. White and another, guardians of Frederick Hall White, an infant. From an order resettling a prior order discontinuing the action, defendant White appeals. Affirmed.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

E. H. Benn, for appellant.

G. Burchard Smith, for respondents.

WILLARD BARTLETT, J. A careful examination of the appeal book leaves no doubt that the order appealed from was made in resettlement of a prior order discontinuing the action. The prior order directed that the action be discontinued upon the payment by the plaintiffs to Mr. White of costs, to be taxed by the clerk, and such costs were

taxed at $26.76. The attorney for the plaintiffs then gave notice of motion for a settlement of the order of discontinuance before the justice who granted it, and upon that motion the order was resettled so as to make the costs payable to Mr. White only $10, instead of $26.76. The resettled order also vacated the prior order, and the judgment for costs which had been entered thereon.

From the order of discontinuance as thus resettled the defendant has appealed; and no doubt he has a right to do so, as the order recites his opposition to the motion to discontinue the action, and he is at liberty to insist that the motion should not have been granted at all, or at least not upon such terms. The condition of the record before us, however, is not such as to permit us to say that the order of discontinuance was erroneous in any respect, for the appellant has omitted to print the papers upon which it was granted. These, as recited in the order, were the notice of motion, an affidavit of G. Burchard Smith, verified September 21, 1904, and the summons and complaint in the action, none of which appears in the appeal book. It follows that, as there is nothing to show that the order appealed from is wrong, we must assume that it was properly made, and it should be affirmed. It is to be noted that the affidavit printed at the end of the appeal book, which does not purport to have been verified until the day after the order appealed from was entered, is not properly a part of the record, and therefore has not been considered upon this appeal.

Order affirmed, with $10 costs and disbursements. All concur.